UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDWARD EICHAKER**                                                            **CIVIL ACTION**

**VERSUS**                                                                     **No. 07-4485**

**FIDELITY NATIONAL PROPERTY &**                                               **SECTION: I/4**
**CASUALTY INSURANCE COMPANY**

ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of the defendant, Fidelity National Property & Casualty Insurance Company ("Fidelity"). For the following reasons, Fidelity's motion for summary judgment is **GRANTED.**

BACKGROUND

Plaintiff, Edward Eichaker ("Eichaker"), owned a home in New Orleans, Louisiana, which was damaged when Hurricane Katrina made landfall on August 29, 2005. At the time Katrina struck New Orleans, Eichaker's home was insured against flood damage by a Standard Flood Insurance Policy[1] ("SFIP") issued by Fidelity, in its capacity as a Write-Your-Own ("WYO") insurer.[2] The SFIP covered up to $73,000 for flood damage to Eichaker's home and $51,000 for flood damage to Eichaker's contents.[3]

In the aftermath of Katrina, Eichaker filed a claim under the

---

[1] Eichaker's SFIP policy number is 17-7700094502-02, and the policy's effective period was March 3, 2005 - March 3, 2006. Rec. Doc. No. 1, p. 2, para. 7.

[2] Rec. Doc. No. 18-10, para. 1. Eichaker's SFIP was issued pursuant to the National Flood Insurance Program ("NFIP").

[3] Rec. Doc. No. 18-10, para. 1.

SFIP.[4]  Based on an independent adjuster's[5] inspection of Eichaker's property, Eichaker was paid $34,513.97 under the SFIP for flood damage to his home and contents.[6]  Eichaker disagreed with the adjuster's estimate of damage and, as a result, he submitted a sworn proof of loss to Fidelity on or about August 8, 2006.[7]

On August 27, 2007, Eichaker filed the above-captioned lawsuit against Fidelty alleging that Fidelity: (1) unreasonably, negligently, and/or recklessly failed to properly evaluate Eichaker's losses; (2) failed to include damage within the scope of coverage under the SFIP; and (3) failed to properly estimate the costs of repair materials and labor.[8]  Eichaker asserts that the aforementioned conduct constitutes a breach of the terms of the SFIP and, as such, Fidelity is liable to Eichaker for compensatory damages, as well as damages for past, present, and future, pain, suffering, mental anguish, and emotional distress.[9]

On March 17, 2008, Fidelity filed this motion arguing that there are no genuine issues of material fact with respect to Eichaker's SFIP claims and Fidelity is entitled to judgment as a

---

[4]*Id*. at para. 4.  The claim was filed under policy number 17-7700094502-02. *Id.*

[5]Colonial Claims Corporation dispatched Ron Robinette to inspect Eichaker's property.  Rec. Doc. No. 18-10, para. 7.

[6]Eichaker was paid $30,698.97 for the flood damage to his home and $3,545.00 for the flood damage to his contents.  Rec. Doc. No. 18-10, para. 7.

[7]Rec. Doc. No. 34, p. 2.

[8]Rec. Doc. No. 1, p. 1, para. 1.

[9]Rec. Doc. No. 1, p. 3, para. 12.

matter of law.[10] Specifically, Fidelity argues that, as a result of Eichaker's failure to comply with the mandates of the SFIP dwelling form, Eichaker is barred from asserting SFIP claims against Fidelity.

## LAW AND ANALYSIS

I. **STANDARDS OF LAW**

　A. **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).[11] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[10] Rec. Doc. No. 18.

[11] The *Federal Rules of Civil Procedure*, including Rule 56, were amended on December 1, 2007, in order to make the rules "more easily understood and to make style and terminology consistent throughout." Fed. R. Civ. P. 56 advisory committee's note (2007 Amendment). The changes "are intended to be stylistic only," rather than substantive. *Id.*

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II. DISCUSSION

### A. THE NATIONAL FLOOD INSURANCE ACT

The U.S. Government's National Flood Insurance Program ("NFIP") was established by the National Flood Insurance Act

("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered through the Federal Emergency Management Agency ("FEMA"). *Wright v. Allstate Ins. Co.* (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these polices must be issued in the form of a SFIP. 44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998).

Although a SFIP can be issued by a "Write Your Own" ("WYO") insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright I*, 415 F.3d at 386; *see Gowland*, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.,* No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.' " *Wright I*, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the

legal requirements for receipt of such funds." *Id.* at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

    **B.**     <u>**COMPLIANCE WITH SFIP REQUIREMENTS**</u>

"In the case of a flood loss to insured property, [the insured] must" fulfill a list of requirements. 44 C.F.R. pt. 61, app. A(1) art. VII. J.; *see Gowland*, 143 F.3d at 953-54. The requirements most pertinent to this case are those set forth in Articles VII. J. 3., and 4., of the SFIP.

Article VII. J. 3., mandates that an insured provide "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII. J. 3.; *see Guillot v. Allstate Ins. Co.*, Civil Action No. 06-8050 (Vance, J.). Article VII. J. 4., provides:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. pt. 61, app. A(1) art. VII. J. 4..

The documentation provided must strictly comply with the SFIP in order for the insured to recover. *See Gowland*, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); *Durkin v. State Farm Mut. Ins. Co.*, 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

On August 31, 2005, David Maurstad, the Acting Federal Insurance Administrator, in response to the catastrophic losses due to Hurricane Katrina, issued an order waiving the requirement that a policyholder must file a proof of loss prior to receiving insurance proceeds.[12] *See Richardson v. Paulison*, 2007 WL 647289, at *2 (E.D.La. Feb. 28, 2007) (Feldman, J.). The order stipulated that payment of the loss would be based on the evaluation of damage

---

[12] Rec. Doc. No. 18-7, "Waiver of Proof of Loss Requirement in the Standard Flood Insurance Policy (SFIP)."

in the adjuster's report.[13]  *Id.*  For those policyholders in disagreement with the insurer's adjustment, settlement, or payment of the claim, the requirement to submit a proof of loss was extended from sixty days to one year from the date of the loss.[14] *Id.*

Fidelity argues that Eichaker is barred from asserting SFIP claims because he failed to (1) attach specifications of damaged buildings and detailed repair estimates to his proof of loss, as required by Article VII. J. 4. f.; and (2) provide Fidelity with supporting documentation of his losses, as required by Article VII. J. 3..[15]

Eichaker argues that the SFIP does not require that supporting documentation of losses be attached to a proof of loss, nor does it require that supporting documentation of losses be submitted prior to filing a lawsuit.[16]  In light of the fact that he provided

---

[13] *Id.*

[14] *Id.*

[15]Fidelity does not dispute that it received a sworn proof of loss from Eichaker.  Instead, Fidelity argues that Eichaker's proof of loss is inadequate because it fails to provide any documentation substantiating the amount stated therein.  Rec. Doc. No. 18-2, p. 7.

[16]The Court notes that Eichaker cites *Mahood v. Omaha Property and Cas.*, 174 F.Supp.2d 284 (E.D. Pa. 2001), for the proposition that supporting documentation of losses need not be attached to a proof of loss nor, produced prior to a lawsuit, in order to satisfy the SFIP.  Rec. Doc. No. 34, p. 3.  However, *Mahood* is inapposite to this case because, unlike *Mahood*, the version of the SFIP applicable to this case requires insureds to attach detailed repair estimates as part of their proof of loss.  *See, e.g., Sun Ray Village Owners Assoc. v. Old Dominion Ins. Co.*, 2008 WL 846123, n. 20 (N.D. Fla. March 28, 2008).

-8-

Fidelity with a timely sworn proof of loss[17] and, thereafter, provided Fidelity with supporting documentation of losses, i.e., a public adjuster's estimate,[18] Eichaker claims that he satisfied the SFIP's requirements and, therefore, he is not barred from asserting SFIP claims.

Eichaker's arguments notwithstanding, "mere notice of the claim on the proof of loss form is insufficient to satisfy the insured's obligations under the SFIP." *See Sun Ray Village Owners Assoc. v. Old Dominion Ins. Co.*, 2008 WL 846123, at *5 (N.D. Fla. March 28, 2008). An insured must provide his insurer with some means by which to verify the amounts claimed in the insured's proof of loss. *Id.* (citing *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998)); *see also* 44 C.F.R. pt. 61, App. A(1), art. VII. J. 5., ("In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount."). "Article VII. J. 4. f., of the SFIP requires the insured to submit *detailed* repair estimates with [his] proof of loss." *Id.*[19]

---

[17]Eichaker states in a sworn affidavit that he provided Fidelity with a sworn proof of loss on or about August 8, 2006. Rec. Doc. No. 34-3.

[18]Eichaker's public adjuster's estimate was completed in December, 2007. *See* Rec. Doc. No.
   The Court notes that, in his memorandum in opposition, Eichaker attaches a list of receipts which he claims were provided to Fidelity as evidence of the repairs that Eichaker made after Katrina. Rec. Doc. No. 34-4. However, considering the fact that Eichaker's list of receipts is not authenticated, the receipts are not admissible summary judgment evidence and they will not be considered by the Court. Alternatively, Eichaker's list of receipts, even if admissible, does not satisfy the SFIP's requirements because it fails to satisfy Article VII. J. 3., of the SFIP.

[19]As the *Sun Ray Village Owners Assoc.* case stated:

> Based on the unambiguous language of the SFIP, the court concludes that the SFIP requires insureds, as part of the proof of

Although the quality and character of an insured's estimate will vary depending on the facts of each case, "[t]he language of the SFIP indicates . . . that[,] at a minimum[,] insureds must identify the components of the insured building which have been damaged . . . and then estimate the cost of repairing each damaged component." *Id*. n. 19. "These estimates may consist of contractors' estimates or the insured's own valuation of the cost of repair based on [his] personal knowledge or research." *Id*.

Deborah Price ("Price"), vice president of claims for Fidelity, states in her sworn affidavit that, although Eichaker provided Fidelity with a proof of loss, he failed to "attach any additional proper supporting information and/or documentation . . . to support his request for additional benefits."[20] Considering the fact that Eichaker fails to present sufficient summary judgment evidence to refute Price's statement and establish that he complied with Article VII. J. 4., of the SFIP, Eichaker is barred from

---

> loss, to provide their insurers with detailed repair estimates as support for the amount of loss claimed; mere notice of the claim on the proof of loss form is insufficient to satisfy an insured's obligations under the SFIP.  This does not mean insureds must submit every bill, receipt, and related document, however, unless requested to do so by the insurer under Article VII(K)(2).  Instead, an insured must submit enough support to allow the insurer to evaluate the merits of the claim, including the estimated cost of repair. While the documentation of an insured's detailed repair estimates most commonly takes the form of contractors' repair estimated, the insured must use its own judgment when furnishing the detailed repair estimates.  In this case it is undisputed that Sun Ray failed to provide *any* support for its claimed loss.  Old Dominion therefore had no basis by which to evaluate the merits of Sun Ray's asserted losses and thus summary judgment is appropriate.

*Sun Ray Village*, 2008 WL 846123, at *5 (citations omitted).

[20]Rec. Doc. No. 18-3, pp. 3-4.

asserting SFIP claims, and Fidelity is entitled to judgment as a matter of law.[21]

Accordingly,

**IT IS ORDERED** that Fidelity's motion for summary judgment is **GRANTED** and that Eichaker's claims against Fidelity are **DISMISSED WITH PREJUDICE.**[22]

New Orleans, Louisiana, June 3, 2008.

                                                          **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[21] As previously noted, Eichaker's adjuster's estimate was not completed until December, 2007, and, as such, it could not have been attached to Eichaker's August 8, 2006, proof of loss.  Accordingly, the Court shall not consider that estimate in determining whether Eichaker complied with Article VII. J. 4., of the SFIP.  *See, e.g., Curole v. Louisiana Citizens Prop. Ins. Corp.*, 2007 WL 625933, at *4 (E.D. La. Feb. 23, 2007).

[22] Considering its findings, the Court need not determine whether Eichaker complied with Article VII. J. 3., of the SFIP.